## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **BRIAN OSWALD** | : | **Case Number:** 1:21-cv-681 |
| c/o Caparella-Kraemer & Associates, LLC | : | |
| 4841-A Rialto Road | : | **Judge:** |
| West Chester, Ohio 45069 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | |
| | : | |
| **LAKOTA LOCAL SCHOOL BOARD** | : | |
| 5572 Princeton Road | : | |
| Liberty Township, Ohio 45011 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

Plaintiff Brian Oswald ("Oswald") states the following for his Complaint and Request for Declaratory, Injunctive, and Monetary Relief against Defendant Lakota Local School Board (the "School Board"):

### INTRODUCTION

1.      This is a lawsuit, brought under 42 U.S.C. 1983 and 1988, to remedy violations of all Plaintiff's right to access and petition his government representatives and to freely express his opinions as to matters of political and public concern. Plaintiff is a private citizen who has an interest in the policies and practices of the School Board. Plaintiff desired to speak publicly as to the School Board's policies related to mask mandates. In response to the growing number of people contracting the COVID-19 virus, the School Board adopted a policy that required all school age children to wear a mask while on school premises. Plaintiff opposed this action by the School Board and desired to address the School Board during the public participation portion

of its meeting to raise his concerns with this policy.  His desire to speak was met with censorship and condemnation from the School Board.

## PARTIES

2.      Plaintiff Brian Oswald is a resident of Butler County, Ohio, and whose child attends school in the Lakota School District.

3.      Defendant is a duly-elected governing body for Lakota Local School District in Butler County, Ohio.  Its actions described in this Complaint are undertaken under color of state law.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, and Plaintiff's claims are brought under 42 U.S.C. § 1983 and the First and Fourteenth Amendments of the United States Constitution.

5.      Venue is proper in the Southern District of Ohio under 28 U.S.C. § 1391 because all or a substantial amount of the events giving rise to Plaintiff's claims occurred within this District.

## STATEMENT OF FACTS

6.      Oswald is a local resident in the Lakota School District, and his child attends its schools.

7.      According to the School Boards Rules of Public Participation at Board Meetings (the "Rules") posted online, any person with a "legitimate interest in the action of the Board" may address the School Board during public participation for a limit of three (3) minutes.  The term "legitimate interest" is not defined in the Rules or elsewhere.  In addition, the Rules facially

limit speakers to be "residents" of the District, or to be a "resident's designee." The Rules are attached hereto as Exhibit A.

8.     The Rules state that "[a]ll statements shall be directed to the presiding officer; no person may address or question Board members individually." *See* Exhibit A.

9.     The Rules further "encourage" to attendees to "register their intention to participate in the public portion of the meeting upon their arrival at the meeting." *See* Exhibit A.

10.     The Rules permit the presiding officer to "interrupt, warn, or terminate a participants' statement when the statement is too lengthy, personally directed, abusive, obscene, or irrelevant." *See* Exhibit A.

11.     The Rules further state that "the portion of the meeting during the participation of the public is invited will be at the discretion of the Board." *See* Exhibit A.

12.     Thus, the presiding officer has the unbridled discretion to restrain speech.

13.     On September 27, 2021, Oswald attended the School Board meeting and registered his intention to participate in the public portion of the meeting regarding the school's mask mandate.

14.     In August 2021, the School Board maintained that any child, regardless of vaccination status, was mandated to wear a mask while on school property for the upcoming 2021-2022 school year.

15.     Oswald and other local families are opposed to the concept of requiring the children to wear masks while in school.

16.     Only a few seconds into his speech, and well before Oswald reached the three (3) minute limit, the School Board began interrupting Oswald, who was addressing the audience,

and directing him to speak directly to the school board. Eventually, the School Board ordered a deputy to remove Oswald and silence him.

17.     The armed deputy escorted Oswald from the public speaking area.

18.     The Rules do not prohibit participants from addressing the audience while speaking.

19.     As this example illustrates, the School Board fabricated and invented a rule and thereby retrained Oswald's speech so he could not criticize the School Board or its policies.

20.     The School Board continues to fabricate rules in order to frustrate and chill speech.

21.     On September 29, 2021, Oswald was made aware from his employer, the Butler County Sheriff's Office, that a formal complaint had been filed against him by the School District for his conduct during the September 27, 2021, School Board meeting.

22.     The Butler County Sheriff's Office launched an internal affairs investigation into Oswald based upon the false accusations of the School Board.

## STATEMENT OF CLAIMS

### Count I
### 42 U.S.C. § 1983 – First Amendment Violation (Freedom of Speech)

23.     Plaintiff restates all previous paragraphs as if fully rewritten herein.

24.     Plaintiff is a politically-minded individual who desires to attend public School Board meetings and petition that Board with grievances.

25.     Plaintiff criticized the School Board regarding its decision to impose a mask mandate upon its students.

26.     Plaintiff's speech is protected under the First Amendment of the United States Constitution because it addresses matters of great public concern.

4

27. The School Board has violated Plaintiff's right of free expression in the following ways:

Facial Constitutional Claims

28. The School Board Rules impose facially-unconstitutional restrictions on the speech of Plaintiff and others.

29. These include:

a. The use of vague and undefined terms, including but not limited to, "legitimate interest," "personally directed,"

b. The vesting of such unbridled discretion in the School Board and its presiding officer to define and apply these vague terms;

c. The imposition of overboard restrictions, including ones limiting public participation to residents of the district; and

d. The imposition of content-based restrictions on speech that are not the least restriction means of achieving a compelling government interest.

e. The Rules further state that "the portion of the meeting during the participation of the public is invited will be at the discretion of the Board."

As-Applied Constitutional Claims

30. The School Board retaliated against Oswald when it had an armed deputy remove him for criticizing its decisions to impose a mask mandate on its' students.

31. In order to restrain Plaintiff's criticisms, the School Board fabricated non-existent rules.

32. The School Board used non-existent rules to restrain Oswald's ability to speak during public participation because of his viewpoints and identity.

33.     The School Board intentionally utilized these rules to restrain Oswald's speech based on his identity and viewpoints.

34.     The School Board continues to fabricate rules in order to frustrate, chill, punish, and restrain Plaintiff from criticizing the School Board during public participation based on Plaintiff's viewpoints and identity.

35.     The School Board continues to threaten and intimidate Oswald, as well as other parents, from exercising his First Amendment rights.

36.     The School Board damaged Oswald, acted maliciously, and intended to punish him for criticizing its conduct.

37.     Oswald is entitled to compensatory damages, attorney fees, litigation costs, and all other expenses associated with this action.

38.     Oswald further seeks an order from this Court to enjoin the School Board from continuing to punish Plaintiff for engaging in protected speech, restraining his speech, chilling his speech, and fabricating rules.

39.     Oswald further seeks an order enjoining the School Board from continuing to enforce its unconstitutionally vague, or overbroad and content-based rules.

40.     Oswald further seeks an order protecting all members of the public from the same.

## Count II
## Defamation

41.     Plaintiff restates all previous paragraphs as if fully rewritten herein.

42.     The School Board made false statements about Oswald to his employer in an attempt to stymie his free speech and intimidate him.

43.     The School Board has communicated those false statements to Oswald's employers at the Butler County Sheriff's Office.

6

44. The School Board intentionally spoke these false statements that caused damage to Oswald's reputation.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court issue judgment in his favor on all counts and award him the following relief:

a) A declaration that the School Board's actions constitute a violation of Plaintiff's First and Fourteenth Amendment rights;

b) Compensatory damages;

c) Injunctive relief precluding the School Board from restraining Plaintiff's speech and offices and from otherwise denying his right to contact, petition, and access its officials or school employees;

d) Injunctive relief enjoining the School Board from placing unbridled discretion in the presiding officer to restrain speech based upon its overbroad, vague, and content-based rules;

e) An award of reasonable attorney fees pursuant to 42 U.S.C. § 1988;

f) Litigation costs and expenses; and

g) Any other actual damages or equitable relief the Court deems fit under the circumstances.

Respectfully submitted,

/s/ Bradley M. Kraemer
Bradley M. Kraemer (0070329)
Briana L. Morris (0098848)
CAPARELLA-KRAEMER & ASSOCIATES, LLC
4841-A Rialto Road
West Chester, Ohio 45069
T: (513) 942-7222
F: (513) 942-6444
bradley@cklawoh.com