IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRIAN OSWALD<br><br>Plaintiff,<br><br>vs.<br><br>LAKOTA LOCAL SCHOOL BOARD<br><br>Defendants. | : : : : : : : : : : : : : | CASE NO. 1:21-cv-00681-DRC<br><br>Judge Cole<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** |

For its answer to Plaintiff Brian Oswald's Complaint, Defendant Lakota Local School District Board of Education ("Board") states as follows:

## INTRODUCTION

1. Defendant denies the allegations of Paragraph 1.

2. Defendant admits the allegations of Paragraph 2.

## PARTIES

3. Defendant admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Defendant admits that the Court has jurisdiction to hear this case. Defendant denies the remaining allegations of Paragraph 4.

5. Defendant admits that venue is proper. Defendant denies the remaining allegations of Paragraph 5.

## STATEMENT OF FACTS

6. Defendant admits the allegations of Paragraph 6.

7. Defendant admits that Exhibit A (Doc 1-3) to the Complaint is a true and accurate copy of the Board's policy on Public Participation at Board Meetings ("Rules"). Defendant admits that the Rules are available on its website. Defendant also admits that the Rules provide that each statement made by a participant shall be limited to three (3) minutes duration unless extended by the presiding officer. Defendant admits that the term "legitimate interest" is not defined in the Rules. Defendant denies the remaining allegations of Paragraph 7.

8. To the extent that this paragraph seeks to characterize a document, the document speaks for itself. Defendant admits that Paragraph 8 accurately quotes a portion of the Rules.

9. To the extent that this paragraph seeks to characterize a document, the document speaks for itself. Defendant admits that Paragraph 9 accurately quotes a portion of the Rules.

10. To the extent that this paragraph seeks to characterize a document, the document speaks for itself. Defendant admits that Paragraph 10 accurately quotes a portion of the Rules.

11. To the extent that this paragraph seeks to characterize a document, the document speaks for itself. Defendant admits that Paragraph 11 accurately quotes a portion of the Rules.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant admits the allegations of Paragraph 13.

14. Defendant admits the allegations of Paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 15.

16. Defendant admits that, during his speech to the Board, Plaintiff repeatedly addressed the audience and that the presiding officer advised Plaintiff on multiple occasions to

address the Board consistent with the Board's public participation policy. Defendant denies the remaining allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17. Plaintiff exited the podium on his own accord, briefly walked out of the room with a deputy, and then re-entered the room.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

**STATEMENT OF CLAIMS**

**COUNT I: FIRST AMENDMENT VIOLATION**

23. In response to Paragraph 23, Defendant restates the admission and denials of the preceding Paragraphs of this Answer.

24. Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. This paragraph states a legal conclusion and, therefore, no answer is required. To the extent that an answer is required, Defendant denies the allegations of Paragraph 26.

27. This paragraph states a legal conclusion and, therefore, no answer is required. To the extent that an answer is required, Defendant denies the allegations of Paragraph 27.

28. This paragraph states a legal conclusion and, therefore, no answer is required. To the extent that an answer is required, Defendant denies the allegations of Paragraph 28.

29. This paragraph states a legal conclusion and, therefore, no answer is required. To the extent that an answer is required, Defendant denies the allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

33. Defendant denies the allegations of Paragraph 33.

34. Defendant denies the allegations of Paragraph 34.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. No answer is required to Paragraph 40.

**COUNT II: DEFAMATION**

41. In response to Paragraph 41, Defendant restates the admission and denials of the preceding Paragraphs of this Answer.

42. Defendant denies the allegations of Paragraph 42.

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

**DEMAND FOR RELIEF**

45. Defendant denies all remaining allegations of Plaintiff's Complaint not specifically admitted herein.

46. Defendant asserts the following affirmative defenses:

1. Defendant is immune from intentional torts such as defamation.

2. Plaintiff has not established an exception to the Board's immunity under Chapter 2744.

3. Defendant is entitled to the privileges, protections, immunities, and limitations of damages provided by ORC Chapter 2744.

4. Plaintiff violated the Board's policies, including but not limited to Code po0169.1 "Public Participation at Board Meetings."

5. Plaintiff does not have standing to bring his claim on behalf of the individuals identified in Paragraph 40 of Plaintiff's Complaint.

6. Plaintiff has failed to state a claim upon which relief can be granted.

7. Plaintiff's claims are barred by the applicable statutes of limitations and administrative time-limited filing periods.

8. There exists an adequate remedy that makes the Plaintiff's declaratory judgment action inappropriate.

9. Defendant is entitled to qualified, absolute, sovereign, and/or statutory immunity from Plaintiffs' claims.

10. Plaintiff has failed to join parties as required by Civil Rules 19 and 19.1.

11. Defendant asserts the Rule 12 affirmative defenses.

12. Plaintiff has failed to comply with the conditions precedent and jurisdictional prerequisites to suit.

13. Plaintiff has failed to exhaust their statutory, administrative, and/or contractual remedies.

14. Plaintiff's claims are barred by the doctrines of waiver, unclean hands, laches, and estoppel.

15. The claims contained in the Complaint are barred or must be reduced by Plaintiff's failure to mitigate damages.

16. The injuries and damages alleged by Plaintiff were the direct and proximate result of the acts, omissions, and negligence of Plaintiff and/or other individuals for whom this Defendant is not responsible or liable.

17. Plaintiff assumed the risk of the injuries and damages alleged in the Complaint.

18. Plaintiff's injuries, if any, were caused by intervening or superseding causes.

19. Defendant has exercised reasonable efforts to prevent and correct promptly any harassing or discriminatory behavior.

20. Plaintiff has unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant, or to avoid harm, if any harm occurred.

21. Defendant's intent and actions do not meet the civil or criminal standards required for Plaintiff to recover the damages, costs, or fees sought in the Complaint.

22. Defendant did not act recklessly, knowingly, or intentionally.

23. Defendant's acts and statements were qualifiedly, statutorily, and/or absolutely privileged.

24. Defendant's actions were taken in good faith, upon reasonable grounds and pursuant to advice of legal counsel.

25. Defendant's actions were taken for legitimate, non-discriminatory, and non-retaliatory reasons unrelated to Plaintiff's status and/or allegedly protected conduct.

26. Plaintiff's speech was not a matter of public concern.

27. Defendant's policies are sufficient time, manner, and place restrictions on speech in a limited public forum that are content-neutral and narrowly-tailored to support a significant governmental interest.

28. Statements made by Defendant were true, privileged, and/or opinions.

29. Defendant's actions were justified.

30. The relief which Plaintiff seeks imposes an undue burden on Defendants.

31. Defendant reserves the right to plead any additional defenses which may become applicable through discovery of this matter.

Based on the foregoing, Defendant moves for a dismissal of Plaintiff's Complaint at Plaintiff's costs. Defendant also demands a jury trial.

Respectfully submitted,

/s/ Ian R. Smith
Ian R. Smith 0068195
R. Gary Winters 0018680
McCASLIN IMBUS & McCASLIN
600 Vine Street, Suite 800
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
irsmith@mimlaw.com
rgwinters@mimlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically on **January 4, 2021,** using the Court's CM/ECF system, which will serve all parties and counsel of record who have appeared and constitutes service by rule.

/s/ Ian R. Smith
Ian R. Smith   0068195