IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| BRIAN OSWALD | CASE NO. 1:21-cv-00681 |
|---|---|
| Plaintiff, | Judge Douglas R. Cole |
| vs. | **DEFENDANT'S PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS** |
| LAKOTA LOCAL SCHOOL BOARD | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Lakota Local School District Board of Education ("Lakota" or "Board") moves the Court for judgment on the pleadings in its favor on Count II of Plaintiff's Complaint. Defendant's Motion is supported by the attached Memorandum.

Respectfully submitted,

**Ian R. Smith**
R. Gary Winters 0018680
Ian R. Smith 0068195
McCASLIN IMBUS & McCASLIN
600 Vine Street, Suite 800
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
irsmith@mimlaw.com
rgwinters@mimlaw.com

*Attorneys for Defendant*

1

**MEMORANDUM**

I. **ALLEGATIONS**

Plaintiff's Complaint contains two counts against Defendant. (Doc # 1, PAGEID # 5-7). Count I alleges violations of Plaintiff's First Amendment rights. (*Id.* at PAGEID # 5). Count II asserts a state law defamation claim against the Board. (*Id.* at PAGEID # 6-7). This motion only seeks judgment on Count II.

In Count II, Plaintiff alleges that the Board communicated false statements about him to his employer, the Butler County Sheriff. (*Id.*). Plaintiff also alleges that the Board "intentionally spoke these false statements that caused damaged to [his] reputation." (*Id.* at PAGEID # 7). For the reasons stated herein, the Board is immune from Plaintiff's defamation claim.

II. **LAW AND ARGUMENT**

A. **Standard of Review**

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A motion for judgment on the pleadings is "appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582. Under this standard, Defendant is entitled to judgment on the pleadings on Plaintiff's defamation claim.

B. **The Board is Immune From Plaintiff's Defamation Claim (Count II)**

Defamation consists of a false publication, made with some degree of fault, reflecting injuriously on a person's reputation or exposing a person to public hatred, contempt, ridicule,

2

shame, or disgrace, or affecting a person adversely in his or her trade, business or profession." *Price v. Austintown Local School Dist. Bd. of Edn.*, 178 Ohio App. 3d 256, 262-263, 2008-Ohio-4514; *A & B-Abell Elevator Co. v. Columbus/Cen. Ohio Bldg. & Construct. Trades Council* (1995), 73 Ohio St. 3d 1, 7, 1995 Ohio 66, 651 N.E.2d 1283. The tort of defamation may be either negligent or intentional, depending on the context. *Price, supra at* 262. Intent "means a subjective volitional decision (known as direct intent) to cause harm; or an act or omission that is substantially certain, under an objective analysis, to cause harm." *Id.* "

Plaintiff alleges intentional defamation in his Complaint. (Doc # 1, para. 44, PAGEID # 7). As a matter of law, the Board, as a political subdivision, is immune from intentional-tort claims. *Schwartz v. City of Conneaut*, 2009 U.S. Dist. 114435, *17, No. 1:09cv1222 (N.D. Ohio, Oct. 22, 2009); *Hubbard v. Canton City School Bd. of Educ.*, 97 Ohio St. 3d 451, 2002 Ohio 6718, 780 N.E.2d 543 (2002); *Coleman v. Cleveland School Dist. Bd. of Edn.*, 8th Dist. Nos. 84274 and 84505, 2004-Ohio-5854, *P66. Accordingly, the Board is immune from Plaintiff's claim of intentional defamation.

Assuming for the sake of argument that Plaintiff's claim is one of negligent defamation, the Board is likewise immune from this claim because Plaintiff is unable to establish an exception to the Board's general grant of immunity under R.C. 2744.02(B). The process of determining whether a political subdivision is immune from liability involves a three-tiered analysis. *Elston v. Howland Local Schs.*, 113 Oho St.3d 314, 317 (2007). The first tier provides a general grant of immunity, stating that "a political subdivision is not liable in damages in a civil action for injury, death or loss to person or property allegedly caused by any action or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." *Id.*; R.C. 2744.02(A)(1). The operation of a public school is a governmental

3

function. R.C. 2744.01(C)(2)(c), (F); *T.W. v. Finneytown Local School District*, Case No. 1:18-cv-668, 2019 WL 4928894, * 4 (S.D. Ohio, Oct. 7, 2019); *Hubbard v. Cleveland Metro. School Dist. Bd. of Edn.*, 195 Ohio App. 3d 708, 713 (8th Dist. 2011). Therefore, Defendant Board is entitled to immunity from a claim of negligent defamation by Plaintiff.

The second tier in the immunity analysis focuses on the exceptions to tort immunity located in R.C. 2744.02(B). These exceptions are as follows:

1. **Negligent operation of any motor vehicle** by employees of political subdivision when the employees are engaged within the scope of their employment and authority;

2. Negligent performance of acts by political subdivision employees with respect to **proprietary functions** of the political subdivision;

3. **Failure to keep public roads in repair** and to remove obstructions from public roads;

4. **Negligence of employees** that occurs within or on the grounds of, **and is due to physical defects** within or on the grounds, buildings used in connection with the performance of a governmental function; or,

5. **When civil liability is expressly imposed** upon the political subdivision by a section of the Revised Code ****. "Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term 'shall' in a provision pertaining to a political subdivision."

R.C. §2744.02(B)(1)-(5) (Emphasis added).

Plaintiff has not alleged injuries or actions which invoke any of the five statutory exceptions to immunity. There is no allegation of a negligent operation of a motor vehicle, a negligently performed proprietary function, an injury due to an obstructed public road, a physical defect on school grounds, or a section of the Revised Code which expressly imposes liability on Defendant. Accordingly, the Board is immune from liability from Plaintiff's state law negligence

4

claim. This ends the immunity analysis. "If none of the R.C. 2744.02(B) exceptions apply, R.C. 2744.02 invalidates tort claims, brought against a political subdivision, based on negligent, grossly negligent, and intentional conduct alike." *T.W., supra at \*9*. Plaintiff's tort claim must be invalidated, and the Board granted immunity. Thus, under both forms of defamation, the Board is entitled to judgment as a matter of law.

### III. CONCLUSION

Based on the foregoing, Defendant moves this Court to issue an order granting it judgment on Count II of Plaintiff's Complaint.

Respectfully submitted,

**Ian R. Smith**
R. Gary Winters 0018680
Ian R. Smith 0068195
McCASLIN IMBUS & McCASLIN
600 Vine Street, Suite 800
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
irsmith@mimlaw.com
rgwinters@mimlaw.com

***Attorneys for Defendant***

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically on **January 6, 2022**, using the Court's CM/ECF system, which will serve all parties and counsel of record who have appeared and constitutes service by rule.

**/s/ Ian R. Smith**